UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daaha H. Abdulle,

        Petitioner,

Court File No.: 13-CV-1415 (PJS/SER)

v.

**REPORT AND RECOMMENDATION**

U.S. Department of Homeland Security,

        Respondent.

Daaha H. Abdulle, *Pro Se*, Carver County Jail, 606 East Fourth Street, Chaska, Minnesota, 55318.

Gregory G. Brooker and David W. Fuller, Esqs., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Defendant.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Daaha H. Abdulle's ("Abdulle") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. [Doc. No. 1], Abdulle's Motion for Release from Custody [Doc. No. 16], and the U.S. Department of Homeland Security's ("Homeland Security") Motion to Dismiss for Lack of Jurisdiction and to Lift Stay [Doc. No. 11].[1] This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C), and District of Minnesota Local Rule 72.1. (Order of Reference Dated Oct. 1, 2013) [Doc. No. 9]. For the reasons stated below, the Court recommends denying Abdulle's Petition and Motion for Release From Custody as moot and granting Homeland Security's Motion to Dismiss and to Lift Stay.

---

[1] The Court, at times in its Report and Recommendation, refers individually to either Homeland Security's Motion to Dismiss for Lack of Jurisdiction, "Motion to Dismiss" or its Motion to Lift Stay for ease of reference and clarity, although they were filed as one document.

I.   BACKGROUND

Abdulle is a citizen of Somalia who came to the United States in 1993 as a refugee. (Decl. of Deportation Officer Adam M. Kline, "Kline Decl.") [Doc. No. 5 ¶ 2]. Abdulle has been convicted of crimes in Olmsted County, Minnesota, between 2007 and 2001 which include: two convictions for aggravated robbery, two convictions for theft, and one conviction for fifth degree possession of marijuana. (Resp. to Pet. for Habeas Corpus, "Homeland Security's Resp.") [Doc. No. 4 at 1–2]. After an August 2012 arrest for a probation violation, Abdulle was taken into Immigration and Customs Enforcement's ("ICE") custody for removal proceedings. (Kline Decl. ¶ 3). An immigration judge ordered, on December 17, 2012, that Abdulle be removed from the United States back to Somalia, which can occur by commercial or charter flight.[2] (*Id.* ¶¶ 4, 7). On both March 8, 2013, and June 20, 2013, ICE reviewed Abdulle's detention and ordered continued detention. (*Id.* ¶¶ 5–6). On June 20, 2013, continued detention was ordered because of the likelihood that Abdulle would soon be removed from the United States. (*Id.* ¶ 6). Abdulle has been on a manifest for removal by charter to Somalia since February 2013. (*Id.* ¶ 13). In addition, Abdulle has also been prioritized for a commercial removal that was tentatively set for August 2013. (*Id.* ¶ 15).

Abdulle filed his Petition on June 13, 2013, pursuant to 28 U.S.C. § 2241, challenging his immigration detention. (Pet. at 2, 6–7).[3] Abdulle claims that he has been detained for ten months by ICE in violation of *Zadavydas v. Davis*. (*Id.*); *see Zadvydas v. Davis*, 533 U.S. 678 (2001). Homeland Security responded to the Petition on July 18, 2013, and argued for continued

---

[2]   Before the spring of 2012, the lack of a centralized government in Somalia meant that ICE could not effect removals to Somalia. (Kline Decl. ¶ 8, 10). Now, ICE may remove aliens to Somalia by commercial or charter flight. (*Id.* ¶ 7).
[3]   The page citations to the Petition refer to the CM/ECF numbers, not the original pagination of the Petition.

detention based on the significant likelihood that Abdulle would be removed to Somalia by the end of summer 2013. *See* (Homeland Security's Resp.). On October 18, 2013, Abdulle was released from ICE custody on supervised release pending his removal from the United States. *See* (Decl. of David W. Fuller, "Fuller Decl.") [Doc. No. 13]. As a result of Abdulle's release, Homeland Security brought its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) on October 21, 2013. (Mot. to Dismiss).

Due to the lapse in funding caused by the Federal Government shutdown, Homeland Security moved for a stay in this case on October 1, 2013. (Motion to Stay Case) [Doc. No. 8]. The stay was granted, and Homeland Security moved on October 21, 2013, together with its Motion to Dismiss, to have the stay lifted because the Federal Government regained its funding. (Order Granting Stay) [Doc. No. 10]; (Mot. to Dismiss and to Lift Stay) [Doc. No. 11].

Abdulle filed his Motion for Release from Custody, which was received by the Clerk of Court's Office on October 28, 2013 and filed on CM/ECF on October 29, 2013. *See* (Mot. for Release From Custody). In the Motion, Abdulle seeks release from ICE custody and asks the Court not to extend his time in ICE custody. *See* (*id.*). Because the Court has received a Release Notification sent to Abdulle on October 17, 2013, and an Order for Supervision setting terms of Abdulle's supervised release dated October 18, 2013, with Abdulle's signature, the Court is satisfied that Abdulle has been released from ICE custody. *See* (Release Notification, Ex. 1, Attached to Fuller Decl.) [Doc. No. 13-1 at 1–2]; (Order of Supervision, Ex. 2., Attached to Fuller Decl.) [Doc. No. 13-1 at 3–6]; (Proof of Service, Ex. 4, Attached to Fuller Decl.) [Doc. No. 13-1 at 8]. The Court presumes that Abdulle mailed his Motion before his release. Due to Abdulle's release from ICE custody, the Court recommends denying his Motion as moot.

## II.     DISCUSSION

"'Article III of the United States Constitution limits the jurisdiction of federal courts to actual, ongoing cases and controversies.'" *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Hayden v. Pelofsky,* 212 F.3d 466, 469 (8th Cir. 2000) (internal citation omitted)). An actual controversy must exist at all stages of review, not merely at the time the complaint is filed. *Zanders v. Swanson*, 573 F.3d 591, 593 (8th Cir. 2009) (citation omitted); *Ark. ALF–CIO v. FCC,* 11 F.3d 1430, 1435 (8th Cir. 1993) (*en banc*) (citation omitted). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali*, 419 F.3d at 723–24 (citation and quotation omitted).

In a habeas case, a petitioner's release from custody does not automatically render his petition moot. *Sayonkon v. Beniecke,* No. 12–cv–27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)). Once a § 2241 habeas petitioner has been removed from the United States and deported to his native country, however, his petition seeking release from ICE custody becomes moot, as there is no longer an Article III case or controversy. *See, e.g.*, *Estrada-Heredia v. Holder*, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) *report and recommendation adopted*, 12-cv-1157 (SRN/SER), 2012 WL 4839019 (Oct. 11, 2012) (citations omitted).

Whether a petitioner's release renders the petition moot depends on certain potentially applicable exceptions to the mootness doctrine. *Rennie v. Baniecke*, No. 12-cv-1715 (RHK/JJG), 2013 WL 1407675, at *1 (D. Minn. Mar. 15, 2013) *report and recommendation adopted*, 2013 WL 1407356 (Apr. 8, 2013); *Sayonkon*, 2012 WL 1621149, at *2.

> Under these exceptions, the Petition should not be dismissed as moot if: "(1) secondary or collateral injuries survive after resolution of the primary injury; (2)

the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."

*Sayonkon*, 2012 WL 1621149, at *2 (quoting *Riley v. I.N.S.,* 310 F.3d 1253, 1256 (10th Cir. 2002)). None of the exceptions apply to Abdulle's Petition; thus, it should be denied as moot.

First, there are no collateral consequences from Abdulle's supervised release, because there is no continuing injury. *See Rennie*, 2013 WL 1407675, at *2; *Sayonkon*, 2012 WL 1621149, at *2–3. Second, Abdulle's detention does not meet the narrow exception of being capable of repetition but evading review because there is no evidence Abdulle will be detained again for a lengthy period of time, as evidenced by Abdulle's release from ICE custody pending removal. *See Rennie*, 2013 WL 1407675, at *2; *Sayonkon*, 2012 WL 1621149, at *3–4. In addition, it seems likely that Abdulle will soon be removed from the United States making further ICE detention unlikely. *See* (Homeland Security's Resp. at 4, 9–12). Third, no evidence exists suggesting that Homeland Security released Abdulle solely to avoid the Court's review of the Petition. *See Rennie*, 2013 WL 1407675, at *2; *Sayonkon*, 2012 WL 1621149, at *4. Fourth, the class action exception is inapplicable because this is not a class action lawsuit. *See Rennie*, 2013 WL 1407675, at *2; *Sayonkon*, 2012 WL 1621149, at *5.

Abdulle's Petition challenged only the length of his ICE detention and sought release or deportation. (Pet. at 2, 6–7). The Court can no longer order the relief sought in the Petition—the immediate release of Abdulle from ICE custody or deportation—because Abdulle was released from ICE custody on October 18, 2013. *See* (Release Notification, Ex. 1, Attached to Fuller Decl.); (Order of Supervision, Ex. 2., Attached to Fuller Decl.); (Proof of Service, Ex. 4, Attached to Fuller Decl.). In addition, none of the four exceptions to the mootness doctrine apply. Therefore, the Court recommends that Homeland Security's Motion to Dismiss be

granted and Abdulle's Petition be found moot as there is no case or controversy sufficient to provide the Court jurisdiction under Article III.

### III. Abdulle's Current Location

Because Abdulle has been released from ICE custody, the Court is unsure whether the address on file with the Clerk of Court is correct. The provisions of Abdulle's release suggest that Homeland Security can locate Abdulle to advise him of the Court's Report and Recommendation. The Court, therefore, directs Homeland Security, its counsel, or both, to make reasonable efforts to provide Abdulle with a copy of this Report and Recommendation by November 6, 2013.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Abdulle's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED as moot**;

2. Abdulle's Motion for Release from Custody [Doc. No. 16] be **DENIED as moot**;

3. Homeland Security's Motion to Dismiss for Lack of Jurisdiction and to Lift the Stay [Doc. No. 11] be **GRANTED**; and

4. This action be **DISMISSED**.

Dated: Oct. 31, 2013

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by November 14, 2013, a writing which

specifically identifies those portions of this Report and Recommendation to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.